# Exhibit 1

## LIC. JAVIER L. NAVARRO VELASCO
**Conciliador designado por el IFECOM**
Blvd. Antonio L. Rodríguez 1884 Pte.
Oficinas en el Parque, Torre 1, piso 10, Colonia Santa María
64650 Monterrey, N. L.
Tel. (81) 83991333, 83991300 Fax (81) 83991399
javier.navarro-velasco@bakermckenzie.com

June 8, 2011

**HAND DELIVERY**

The Honorable Harlin D. Hale
United States Bankruptcy Court
for the Northern District of Texas,
Earle Cabell Building, U. S. Courthouse
1100 Commerce Street
Dallas, Texas 75242

Re: <u>In re Vitro, S.A.B. de C.V., 1:11-bk-33335 (hdh); 1:11-ap-03342 (hdh)</u>

Dear Judge Hale:

I am the duly-appointed *conciliador* ("<u>Conciliador</u>")in the voluntary judicial reorganization proceeding (the "<u>Voluntary Mexican Proceeding</u>") commenced on December 13, 2010 under the *Ley de Concursos Mercantiles* (the "<u>Mexican Business Reorganization Act</u>") in the Fourth Federal District Court for Civil and Labor Matters for the State of Nuevo León, the United Mexican States by Vitro, S.A.B. de C.V. ("<u>Vitro SAB</u>"), the debtor in the above-referenced chapter 15 case (the "<u>Chapter 15 Case</u>"). This request for Voluntary Mexican Proceeding was admitted by the Fourth Federal District Judge for Civil and Labor Matters for the State of Nuevo León through a resolution dated April 8, 2011.

Under the Mexican Business Reorganzation Act, after a proceeding moves to *la etapa de conciliación* (the "<u>Conciliation Phase</u>") which has the purpose of procuring that Vitro SAB and its creditors reach an agreement for the payment of the Vitro SAB's liabilities during a reasonable term not exceeding 365 days, a Conciliador is appointed by the *Instituto Federal de Especialistas de Concursos Mercantiles* (the "<u>Federal Institute of Business Reorganization Specialists</u>" widely known for its initials in Spanish as "<u>IFECOM</u>") as an auxiliary body of the Mexican Federal Judiciary Council, as an independent person to oversee and facilitate the Conciliation Phase of the proceeding. The Conciliador works to facilitate an agreement between the debtor and its creditors with respect to the terms of reorganization and is empowered to monitor the debtor's transactions, reject executory contracts, and authorize the incurrence of additional debt and the sale of assets outside of the ordinary course of business, under the

supervision of the Federal Court. Subject to court approval, and in the best interests of the estate, the Conciliador may also seek to replace a debtor's management. The Conciliador is further responsible for submitting a provisional list of creditors with the quantity, ranking and priority of payment corresponding thereto in accordance with the Mexican Business Reorganization Act and, upon approval by the requisite majority, a *convenio concursal* (a "Reorganization Plan") to the court.

I was informed by Vitro SAB's management, that Vitro SAB, through its duly appointed foreign representative, has commenced an adversary proceeding in the Chapter 15 Case and filed a motion seeking a preliminary injunction (collectively, the "Injunctive Relief") on behalf of itself and its subsidiaries (the "Subsidiaries" and, together with Vitro SAB, "Vitro"). I have reviewed the pleadings filed by Vitro SAB with respect to the motion seeking the Injunctive Relief and the objections thereto filed by certain parties. On April 27, 2011, and April 28, 2011, in my capacity as duly appointed Conciliador, I submitted letters to Judge Chapman of the United States Bankruptcy Court, expressing my support, as a general matter, for the relief then sought by Vitro SAB, including entry of a temporary restraining order, as I hereby substantiate with Exhibit A that is attached hereto. As Conciliador, I am writing to Your Honor to express my support for the grant and extension of the Injunctive Relief for both Vitro SAB and its Subsidiaries and to address certain matters raised by certain of the objections to the Injunctive Relief.

The Injunctive Relief is consistent with the policy goals of the Mexican Business Reorganization Act and would facilitate its purpose of providing a fair, expeditious, and orderly restructuring of Vitro's global enterprise in conjunction with the Voluntary Mexican Proceeding. A governing principal of the Mexican Business Reorganization Act is that it is in Mexican public interest to preserve the companies that are in a *concurso* proceeding and those companies with which the debtor conducts business. Restricting payments to the Subsidiaries through an attachment threatens the Subsidiaries, Vitro and Vitro SAB because it restricts cash flow to the enterprise. In accordance with the goals and purposes of the Mexican Business Reorganization Act, the Voluntary Mexican Proceeding seeks to prevent the costly delays, unfair prejudice to creditors, and damage to Vitro's businesses that would otherwise result from piecemeal litigation initiated by discrete creditors in various jurisdictions. The Injunctive Relief would support the Voluntary Mexican Proceeding and further its ability to serve as a forum for resolving and adjudicating the corresponding claims and the restructuring of Vitro's global enterprise, consistent with the Mexican Business Reorganization Act and Mexican public policy.

Another important policy of the Mexican Business Reorganization Act is to ensure that no creditors are preferred over any others. In the absence of injunctive relief, we would be allowing some creditors to collect with preference to other creditors of the *concurso* proceeding. A main purpose of the Mexican law is avoid excessive and inequitable advantage to certain creditors as compared to the others.

While the equivalent of the Injunctive Relief is not among the automatic protections granted to debtors under the Mexican Business Reorganization Act, I believe it is

within the scope of protective measures that the *concurso* Court would have the power to enter in appropriate circumstances. Neither I nor Vitro SAB have not sought such relief in Mexico because it has not been necessary to do so as there are no proceedings pending in Mexico that require injunctive relief. If it became necessary, I and Vitro SAB would seek such relief from the Mexican court.

I understand that certain parties have questioned the authority of Vitro SAB to appoint a foreign representative, and allege that I, as Conciliador, am the proper foreign representative. That assertion misstates the role of the Conciliador and the debtor during the Conciliation Phase. As Conciliador, I have the authority to monitor the accounting and any transactions carried out by Vitro SAB as debtor in a *concurso*, but unless and until I seek and am granted authority to remove Vitro SAB from the management under Article 81 of the Mexican Business Reorganization Act, I do not manage the affairs of Vitro SAB as a debtor in a Voluntary Mexican Proceeding. Instead, the existing management and board of Vitro SAB remains in control of its businesses and property, including the conduct of any litigation under the Conciliator's surveillance. I understand that this is similar to the concept of a "debtor in possession" under chapter 11 of the US Bankruptcy Code. My view is that among the rights that the debtor retains is the right to appoint a foreign representative to bring an ancillary case seeking protection in another jurisdiction.

Please let me know if you have any questions or need any clarification.

Respectfully submitted,

Javier Luis Navarro Velasco

cc: By Electronic Mail
Vitro SAB. Attn Alejandro Sánchez Mujica
Wilmington Trust FSB, Attn Jesús Ángel Guerra Mendez
Fourth Federal District Court for Civil and Labor Matters
for the State of Nuevo León

# Exhibit A

**BAKER & McKENZIE LLP**
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 626-4100
Facsimile: (212) 310-1600
Ira A. Reid (IR-0113)

One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-8000
Facsimile: (312) 698-2370
Carmen H. Lonstein

Attorneys for Javier L. Navarro-Velasco, Conciliador for Vitro, S.A.B. de C.V.

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 15 |
| VITRO, S.A.B. de C.V., | ) | |
| | ) | Case No. 11-11754 (SCC) |
| Debtor in a Foreign Proceeding. | ) | |
| | ) | |
| VITRO, S.A.B. DE C.V. | | |
| Plaintiff, | | Adversary No. 11-01846 (SCC) |
| v. | | |
| ACP MASTER, LTD.; AD HOC GROUP OF VITRO NOTEHOLDERS; AURELIUS CAPITAL MASTER, LTD.; AURELIUS CONVERGENCE MASTER, LTD.; ELLIOTT INTERNATIONAL L.P.; THE LIVERPOOL LIMITED PARTNERSHIP; and DOES 1-1000, | | |
| Defendants. | | |

**STATEMENT OF NOTICE OF FILING AMENDED EXHIBIT B
TO THE JOINDER OF JAVIER L. NAVARRO-VELASCO, CONCILIADOR FOR
VITRO, S.A.B. DE C.V., TO MOTION FOR A TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Dated: New York, New York
April 26, 2011

                        BAKER & McKENZIE LLP

By:   */s/ Ira A. Reid*
      Ira A. Reid
      1114 Avenue of the Americas
      New York, New York 10036
      Telephone: (212) 626-4100
      Facsimile: (212) 310-1600

      and

Carmen H. Lonstein
One Prudential Plaza, Suite 3500
130 East Randolph Drive
Chicago, IL 60601
Telephone: (312) 861-8000
Facsimile: (312) 698-2370

Attorneys for Javier L. Navarro-Velasco, Conciliador for Vitro, S.A.B. de C.V.

# Amended Exhibit B

**MR. JAVIER L. NAVARRO VELASCO**
**Conciliator appointed by IFECOM**
Blvd. Antonio L. Rodríguez 1884 Pte.
Oficinas en el Parque, Torre 1, piso 10, Colonia Santa María
64650 Monterrey, N. L.
Tel. (81) 83991333, 83991300 Fax (81) 83991399
javier.navarro-velasco@bakermckenzie.com

April 28, 2011

The Honorable Shelley C. Chapman
United States Bankruptcy Court
for the Southern District of New York
The Alexander J. Hamilton Customs House
One Bowling Green
New York, NY 10004-1408

Re:   In re Vitro, S.A.B. de C.V., 1:11-bk-11754 (SCC); 1:11-ap-01846 (SCC)

Dear Judge Chapman:

Further to my personal letter dated April 27, 2011, addressed to your Honor, I hereby make the following clarifications with reference to my Joinder. Under the *Ley de Concursos Mercantiles* (the "Mexican Business Reorganization Act") the creditors must avoid the enforcements of judgments, attachments or injunctions against the debtor, which may affect its operation or payment capacity, or which may grant certain privilege to one creditor to the detriment of all the other creditors involved in the Mexican reorganization proceeding, in terms of article 65 of the Mexican Business Reorganization Act, which I transcribe as follows:

> *Article 65. From the business reorganization judgment issue date to the end of the conciliation phase, no attachment of assets or enforcement order may be executed against the debtor's properties and rights.*

The Conciliador's obligation and powers pursuant to article 84 and 127 of the Mexican Business Reorganization Act is to supervise the proceedings in which the debtor may be involved, even if the debtor is liable for its defense at the courts.

> *Article 84. Any actions and lawsuits filed by the debtor, and those filed against it, which remain pending upon the business reorganization judgment issuance, involving an equity-related issue, shall not be joined to the business reorganization, but will be pursued by the debtor under the conciliator's surveillance, for which purpose the debtor must advise the conciliator of the existence of any such proceeding, one day following the date on which the debtor becomes aware of conciliator's appointment.*

> *Article 127. If in a different proceeding a final and conclusive judgment, labor-related award, standing administrative resolution or arbitration award has been issued prior to*

> *the retroactivity date, pursuant to which the existence is declared of a right to collect against the debtor, the creditor involved must file a certified copy of said resolution with the judge and the conciliator.*
>
> *The judge must recognize the credit in the terms of said resolutions, by including it in the credit recognition, ranking and preference judgment.*

Based on the foregoing, I would like to make clear that under the Mexican Business Reorganization Act any civil or commercial proceedings against the debtor, may be commenced or continued for creditors, regardless the status of the Mexican reorganization proceedings, since what is not allowed is to enforce a judgment, injunction or attachment against the debtor or its properties in a way that may affect its proper operation or its payment capacity to comply with its obligations, or in a way that may grant a privilege to one creditor to the detriment of all the other creditors involved in the reorganization proceeding in question.

I hope this clarification is suitable for the parties' interests.

Respectfully submitted,

Javier Luis Navarro Velasco

Cc: VITRO, S.A.B. de C.V. Attn. Alejandro Sánchez Mujica.
Fourth Federal District Judge for Civil and Labor Matters for the State of Nuevo Leon
Ira A. Reid
Carmen Lonstein
Jaime Guerra González

**LIC. JAVIER L. NAVARRO VELASCO**
**Conciliador designado por el IFECOM**
Blvd. Antonio L. Rodríguez 1884 Pte.
Oficinas en el Parque, Torre 1, piso 10, Colonia Santa María
64650 Monterrey, N. L.
Tel. (81) 83991333, 83991300 Fax (81) 83991399
javier.navarro-velasco@bakermckenzie.com

April 27, 2011

**HAND DELIVERY**

The Honorable Shelley C. Chapman
United States Bankruptcy Court
for the Southern District of New York
The Alexander J. Hamilton Customs House
One Bowling Green
New York, NY 10004-1408

Re: In re Vitro, S.A.B. de C.V., 1:11-bk-11754 (SCC); 1:11-ap-01846 (SCC)

Dear Judge Chapman:

      I am the duly-appointed *conciliador* ("Conciliador") in the voluntary judicial reorganization proceeding (the "Voluntary Mexican Proceeding") commenced on December 13, 2010 under the *Ley de Concursos Mercantiles* (the "Mexican Business Reorganization Act") in the Fourth Federal District Court for Civil and Labor Matters for the State of Nuevo León, the United Mexican States, by Vitro, S.A.B. de C.V. ("Vitro SAB"), the debtor in the above-referenced chapter 15 case (the "Chapter 15 Case"), as I hereby substantiate with Exhibit A that is attached hereto. This request for Voluntary Mexican Proceeding was admitted by the Fourth Federal District Judge for Civil and Labor Matters for the State of Nuevo León through a resolution dated April 8, 2011.

      Under the Mexican Business Reorganzation Act, after a proceeding moves to *la etapa de conciliación* (the "Conciliation Phase") which has the purpose of procuring that Vitro SAB and theirs creditors reach an agreement for the payment of the Vitro SAB's liabilities during a reasonable term, a Conciliador is appointed by the *Instituto Federal de Especialistas en Concursos Mercantiles* (the "Federal Institute of Business Reorganization Specialists" widely known for its initials in Spanish as "IFECOM"), as an auxiliary body of the Mexican Federal Judiciary Council, as an independent person to oversee and facilitate the Conciliation Phase of the proceeding. The Conciliador works to facilitate an agreement between the debtor and its creditors with respect to the terms of reorganization and is empowered to monitor the debtor's transactions, reject executory contracts, and authorize the incurrence of additional debt and the sale of assets outside of the ordinary course of business, under the supervision of the Federal Court. Subject to court approval, and in the best interests of the estate, the Conciliador may also seek to replace a debtor's management. The Conciliador is further responsible for submitting a provisional list of creditors with the quantity, ranking and priority of payment corresponding thereto in accordance with the Mexican Business Reorganization Act and, upon approval by the requisite majority, a *convenio concural* (a "Reorganization Plan") to the court.

I understand that Vitro SAB has commenced an adversary proceeding in the Chapter 15 Case and filed a motion seeking temporary and preliminary injunctive relief (collectively, the "Injunctive Relief") on behalf of itself and its subsidiaries (the "Subsidiaries" and, together with Vitro SAB, "Vitro"), and have reviewed the pleadings filed by Vitro SAB with respect to the motion seeking the Injunctive Relief. As Conciliador, I am writing to Your Honor to express my support for the grant and extension of the Injunctive Relief for both Vitro SAB and its Subsidiaries.

The Injunctive Relief is consistent with the policy goals of the Mexican Business Reorganization Act and would facilitate its purpose of providing a fair, expeditious, and orderly restructuring of Vitro's global enterprise in conjunction with the Voluntary Mexican Proceeding. In accordance with those goals and purposes, the Voluntary Mexican Proceeding seeks to prevent the costly delays, unfair prejudice to creditors, and damage to Vitro's businesses that would otherwise result from piecemeal litigation initiated by discrete creditors in various jurisdictions. The Injunctive Relief would support the Voluntary Mexican Proceeding and further its ability to serve as a forum for resolving and adjudicating claims with respect to Vitro SAB, its Subsidiaries, and the collective restructuring of their global enterprise, consistent with the Mexican Business Reorganization Act and Mexican public policy.

Accordingly, I join in Vitro SAB's request for the Injunctive Relief.

Respectfully submitted,

Javier Luis Navarro Velasco

cc: VITRO, S.A.B. de C.V. Attn. Alejandro Sanchez Mujica
Fourth Federal District Judge for Civil and Labor Matters for the State of Nuevo León
Ira A. Reid
Carmen Lonstain